

| | |
|---|---|
| **Samuel Kadosh**<br>Direct Phone:  +1 212 549 0451<br>Email:  skadosh@reedsmith.com | Reed Smith LLP<br>599 Lexington Avenue<br>New York, NY 10022-7650<br>+1 212 521 5400<br>Fax +1 212 521 5450<br>reedsmith.com |

December 5, 2023

**By ECF**

Hon. Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, NY 11722

**RE:**   *Northwell Health, Inc. v. Blue Cross and Blue Shield of South Carolina,* Case No. 2:23-cv-00603

Dear Judge Seybert:

This firm represents Defendant Blue Cross and Blue Shield of South Carolina ("Defendant") in the above-captioned matter.  We write jointly with Northwell Health, Inc. ("Plaintiff")  to respectfully request that the Court enter an Order permitting Defendant to file under seal unredacted copies of Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Exhibits A, B, and C to the Declaration of Samuel Kadosh in Support of Defendant's Motion to Dismiss ("Kadosh Decl."); unredacted copies of Plaintiff's Opposition Brief to Defendant's Motion to Dismiss and Exhibit A to the Declaration of Meredith McBride in Support of Plaintiff's Opposition to the Motion to Dismiss; and unredacted copies of Defendant's Reply Brief and Exhibit A to the Reply Declaration of Samuel Kadosh in Support of Plaintiff's Opposition to the Motion to Dismiss (collectively, the "Motion Papers").  Per the Court's individual practices and orders, the Motion Papers are to be filed together by Defendant.

Paragraph 10 of the Protective Order in this case requires parties filing materials containing or referencing documents designated as "Confidential" or "Confidential—Attorney's Eyes Only" under seal.  *See* ECF No. 14-1, ¶ 10; ECF No. 15.  In advance of Defendant serving its motion to dismiss, Plaintiff produced its contracts with Empire Blue Cross and Blue Shield ("Empire"), upon which Plaintiff in part bases its claims (the "Empire Contracts").  Plaintiff designated the Empire Contracts as "Attorneys Eyes Only" ("AEO") pursuant to the Protective Order.  Thus, in order to comply with the Protective Order entered in this action, the parties seek to have Defendant file the unredacted Motion Papers under seal, as these materials discuss and quote provisions from the Empire Contracts, and certain of the Empire Contracts themselves are exhibited to the supporting attorney declarations.

The Court should also allow Defendant to file the unredacted Motion Papers under seal because the Empire Contracts contain confidential and proprietary business information, that, if accessed by Plaintiff's competitors, would allow the competitors to gain an improper and unfair competitive advantage.  *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 U.S. Dist. LEXIS 62974, at *15 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing 'trade secrets, confidential research and development information, marketing plans, revenue information, *pricing information*, and the like.'" (emphasis added)).  Further, federal courts in New York

Hon. Joanna Seybert, U.S.D.J.
December 5, 2023
Page 2

have allowed information that could impact a party's business negotiations to be filed under seal. *See, e.g., id.* at *15-18. Here, Plaintiff's business negotiations with insurers could be impacted because the Empire Contracts contain relevant information related to pricing and other terms Plaintiff agreed to with Empire Blue Cross Blue Shield.

If the parties' request is granted, Defendant would file on the public docket redacted copies of the Motion Papers that redact all references to the aforementioned confidential information.[1] Federal courts in New York have approved public filings with redactions removing confidential information together with filing unredacted copies under seal as a sufficient compromise between the public's right to access to judicial records and the need to keep certain information confidential. *See e.g.*, *Patel v. Long Island Univ.*, No. 17-CV-2170-NGG-SJB, 2023 U.S. Dist. LEXIS 133593, at *25-26 (E.D.N.Y. July 31, 2023) (granting motion to seal where the moving party sought to file under seal an unredacted copy of its motion and file on the public docket a redacted copy omitting confidential information); *see also Valassis Communs., Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2019 U.S. Dist. LEXIS 234390, at *7 (S.D.N.Y. Mar. 11, 2019).

We thank the Court in advance for its attention to this matter.

Respectfully submitted,

**REED SMITH LLP**

*/s/ Samuel Kadosh*

*Counsel for Defendant*

---

[1] In accordance with the E.D.N.Y.'s instructions for filing requests to file documents under seal, the Motion Papers are attached to this letter motion, and the parties' proposed redactions to their respective briefs are highlighted. The exhibits to the parties' declarations, consisting of Plaintiff's contracts and amendments thereto, are requested to be sealed in their entirety.