UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NORTHWELL HEALTH, INC.,

                    Plaintiff,        **MEMORANDUM**
-against-                        **AND ORDER**

BLUE CROSS AND BLUE SHIELD OF     23-CV-00603 (JS)(SIL)
SOUTH CAROLINA,

                    Defendant.
----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity-breach of contract action, is Plaintiff Northwell Health Inc.'s, ("Plaintiff" or "Northwell") Motion for Leave to Amend the Complaint, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a). *See* Motion to Amend the Complaint ("Plaintiff's Motion" or "Pl. Mot."), Docket Entry ("DE") [53]. By way of Complaint, DE [1], dated February 27, 2023, modified by Amended Complaint, DE [11] (or "Am. Compl.") dated May 18, 2023, Northwell commenced this against Defendant Blue Cross and Blue Shield of South Carolina ("Defendant" or "Blue Cross SC") alleging (i) breach of contract, (ii) breach of third-party beneficiary contract, and (iii) liability under quasi-contract theories of unjust enrichment and *quantum meruit*. See Compl.; Am. Compl.

In its proposed Second Amended Complaint, Northwell seeks to: (a) add factual allegations supporting its breach of contract and third-party beneficiary contract claims; (b) add a third cause of action, also labeled "breach of third-party beneficiary contract," premised on a theory of partial assignment of a contract; and (c) remove its quasi-contract claim. *See* Proposed Second Amended Complaint

1

("PSAC"), DE [54-1].  Blue Cross SC opposes on the grounds that:  (1) at the time it filed its opposition, the Court had not rendered a decision on Defendant's then-pending motion to dismiss; (2) Plaintiff knew of the deficiencies in the Amended Complaint upon receipt of that motion to dismiss in December 2023 and could have moved for leave to amend sooner; and (3) it would be more efficient to wait until the Court ruled on its motion to dismiss before permitting any amendment.  *See* Defendant's Opposition, DE [55] ("Def. Opp.").  For the reasons herein, the Court grants Plaintiff's Motion for Leave to Amend.  Northwell shall file a Second Amended Complaint within 14 days of receipt of this Memorandum and Order.

I. BACKGROUND

A. Facts

The Court provides only a brief summary of the allegations set forth in the Proposed Second Amended Complaint as necessary to decide the instant motion.

Northwell is a New York not-for-profit corporation that operates hospitals and other healthcare facilities.  PSAC, ¶ 1.  Blue Cross SC is a healthcare insurance company organized under the laws of, and with its principal place of business in, South Carolina, and is part of a national group, the Blue Cross and Blue Shield Association (or "BCBSA"), of Blue Cross Blue Shield insurance companies *Id.*, ¶¶ 2, 7, 8.  Empire Blue Cross and Blue Shield, now known as Anthem Blue Cross and Blue Shield ("Empire"), is an insurance company and also a part of this network.  *Id.*, ¶ 13. All BCBSA insurance companies (the "Member Companies") participate in the BlueCard Program, which ensures that "a Member Company in one geographical area [can] receive access to the healthcare services of an in-network provider of the

2

geographic area of another Member Company" and that "when a person insured by a Member Company is treated by an in-network provider of another Member Company, then the [insuring] Member Company . . . [will] pay the provider in accordance with the rates and other terms of the provider's in-network agreement with the local Member Company[.]" *Id.*, ¶¶ 9, 12. The Member Companies have adopted a series of agreements among each other (collectively, the "Member Agreements"). *Id.*, ¶¶ 12, 32-41. In essence, the Member Agreements provide that when an in-network provider with a Member Company treats a patient who is covered by another Member Company, the Member Company that insures that patient (the "Home Plan") will reimburse the provider who is in-network with the other Member Company (the "Host Plan") for treatment, in accordance with the rates set forth in the agreement between the in-network provider and the Host Plan. *Id.*, ¶¶ 45, 48, 49; *see id.*, ¶ 76. Because Defendant and Empire are both Member Companies and participate in the BlueCard Program, they entered into the Member Agreements with one another. *Id.*, ¶ 32.

Northwell and Empire entered into an agreement (the "Provider Agreement") that "sets forth the rates and terms by which Northwell is to be paid for the health care services provided to patients insured by Empire and BlueCard [Program] plans[,] and other contractual rights and obligations of the parties." *Id.*, ¶ 51. This Provider Agreement ensures that Blue Cross SC and its BlueCard Program plans can access Northwell's in-network services, rates and terms. *Id.*, ¶ 56. It also requires the Home Plan—here, Defendant—to pay Plaintiff, and the Member Agreements

3

between Empire and Blue Cross SC require Defendant to reimburse Empire for any payments made by Empire to Northwell on Defendant's behalf for treatment of patients insured by Blue Cross SC ("Patients"). *Id.*, ¶ 62. Empire entered into the version of the Provider Agreement effective at the relevant time, defined as the period from January 2019 through December 31, 2023, *id.*, ¶ 5, on its own behalf and as an agent for Blue Cross SC and all other Member Companies. *Id.*, ¶ 61. Defendant, in turn, authorized Empire to act on its behalf to "include in [Empire's] agreements with [Northwell] terms ensuring all of the Member Companies have access to in-network services, rates, and terms of the Provider Agreement." *Id.*, ¶ 53. Plaintiff alleges that, despite not signing the Provider Agreement, Blue Cross SC was bound by its terms because "Defendant's course of conduct in paying claims and complying with the terms of the Provider Agreement, with the exception of the claims at issue in this action, has communicated to Northwell that [Blue Cross SC] agree[s] [it is] bound by the Provider Agreement." *Id.*, ¶ 146. Northwell also alleges it is an intended third-party beneficiary of the Member Agreements. *Id.*, ¶ 182.

According to Plaintiff, the Provider Agreement also creates "a partial assignment[,] from Empire to Defendant's BlueCard [Program] plans[,] of Empire's contractual right to access Northwell's in-network services, rates, and terms" contained in the Provider Agreement. *Id.*, ¶¶ 68, 192-95. Defendant manifested an intent to accept this partial assignment "by repeatedly accepting the contractual benefits of [Plaintiff's] in-network services, rates, and terms whenever Northwell treated a patient insured by Defendant." *Id.*, ¶ 69. Plaintiff alleges that it is an

4

intended third-party beneficiary of Defendant and Empire's agreement that: (i) Blue Cross SC would accept Empire's partial assignment to Defendant of Empire's access to Northwell's in-network services, rates and terms; and (ii) Empire would delegate to Blue Cross SC its contractual obligation to pay Plaintiff pursuant to the Provider Agreement when Northwell treats a Patient. *Id.*, ¶ 201. As a result, according to Northwell, Blue Cross SC is "obligat[ed] to pay the amount due to Northwell for treating [P]atients[.]" *Id.*, ¶ 102. Under these theories, according to Plaintiff, Defendant breached the Provider Agreement and the Member Agreements by failing to "approve, authorize, and reimburse payment to Northwell in the proper amount," *see id.*, ¶¶ 189, 205, and still owes Plaintiff $713,921.85 plus interest for healthcare services Northwell provided to Patients. *Id.*, ¶ 117.

B. **Procedural History**

By way of Complaint dated February 27, 2023, later modified by Amended Complaint dated May 18, 2023, Northwell commenced this action alleging (i) breach of contract, (ii) breach of third-party beneficiary contract, and (iii) liability under quasi-contract theories of unjust enrichment and *quantum meruit*. *See* Am. Compl. In late 2022, Plaintiff filed approximately two dozen lawsuits against Member Companies in state court based on similar allegations and legal theories that were removed to the Eastern District of New York (the "Northwell BCBSA Actions"). *See, e.g.*, *Northwell Health, Inc. v. BlueCross BlueShield of Tennessee, Inc.*, Case No. 23-cv-600 (GRB) (E.D.N.Y.); *Northwell Health, Inc v. Premera Blue Cross*, Case No. 23-cv-389 (JS) (E.D.N.Y.). In this action, Defendant moved to dismiss the Amended

5

Complaint on December 5, 2023. *See* Mot. to Dismiss, DE [19]. This Court entered a Report and Recommendation on August 13, 2024 with respect to the Motion to Dismiss, *see* DE [43], and Judge Seybert terminated both documents on May 16, 2025 pending a ruling on Plaintiff's Motion. *See* Elec. Order dated May 16, 2025. Northwell now seeks to file a Second Amended Complaint to: (a) add factual allegations supporting its breach of contract and third-party beneficiary contract claims; (b) add a third cause of action, also labeled "breach of third-party beneficiary contract," premised on a theory of partial assignment of a contract; and (c) remove its quasi-contract claim. *See* PSAC; Pl. Mot. Northwell also states that it is "able to cure the specified pleading defects" identified in other courts' decisions on motions to dismiss filed in other unspecified Northwell BCBSA Actions[1]. Pl. Mot. at 1. For the reasons set forth below, the Court grants Plaintiff's Motion.

## II.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a), courts have discretion to allow parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires.") (citation omitted). The amendment standard is liberal so as to permit plaintiffs "to assert matters that were overlooked or were unknown at the time of the original complaint or answer." *RCX I, LLC v. Pitter-Nelson*, No. 11-cv-03513, 2014 WL

---

[1] While Plaintiff states that these other decisions are identified in an exhibit attached to Plaintiff's Motion, nothing is attached thereto, and so it is unclear to which decisions Northwell refers. *See* Pl. Mot.

6

5809514, at *5 (S.D.N.Y. Nov. 6, 2014) (internal quotation marks, citation and alterations omitted); *see Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("[Fed. R. Civ. P.] 15(a) dictates that motions to amend the complaints be liberally granted absent a good reason to the contrary[.]"). Leave to amend should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83, S. Ct. 227, 239 (1962)). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682 (AKT), 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015).

## III. DISCUSSION

Plaintiff seeks to file a Second Amended Complaint to: (a) add factual allegations supporting its breach of contract and third-party beneficiary contract claims; (b) add a third cause of action, also labeled "breach of third-party beneficiary contract," premised on a theory of partial assignment of the Provider Agreement; and (c) remove its quasi-contract claim. *See* Pl. Mot. Defendant opposes on the grounds that, when its opposition was filed, the parties had not yet received a decision on Blue Cross SC's pending Objection to this Court's Report and Recommendation with respect to Defendant's Motion to Dismiss. *See* Def. Opp. As explained above, both the Motion to Dismiss and the Court's Report and Recommendation thereto have since been terminated. *See* Elec. Order dated May 16, 2025. Blue Cross SC also opposes because Northwell has been on notice of the deficiencies of the Amended

Complaint since December 2023 and could have sought leave to amend earlier. *See* Def. Opp.

Here, Defendant's first argument with respect to its pending Motion to Dismiss has been rendered moot by the Court's termination of that motion, and so its sole remaining argument against leave to amend is delay. *See id.* "[D]elay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend." *Ramirez v. Cnty. of Nassau*, 345 F.R.D. 397, 405 (E.D.N.Y. 2024) (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)); *see Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97-98 (S.D.N.Y. 2010) (emphasis in original) ("[a]lthough *some* explanation must be provided to excuse a delay, even vague or 'thin' reasons are sufficient, in the absence of prejudice or bad faith.") (citation omitted). Northwell has provided such an explanation: other courts in this district have rendered decisions on other defendants' motions to dismiss in other Northwell BCBSA Actions, and those decisions have identified deficiencies in the Amended Complaint in this action. *See* Pl. Mot. at 1. Accordingly, the Court turns to its analysis of prejudice and bad faith.

As to prejudice, "[t]he degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party." *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 714 F. Supp. 3d 310, 341 (S.D.N.Y. 2024) (citing *Mohegan Lake Motors, Inc. v. Maoli*, No. 16-CV-6717 (NSR)(LMS), 2018 WL 4278352, at *5 (S.D.N.Y. June

8, 2018)). Here, a scheduling conference has not yet taken place, and no discovery deadlines have been set. Any prejudice to Defendant is therefore minimal. *See Dominguez v. Walsh*, No. 22-CV-6443 (KMK), 2023 WL 6199861, at *2 (S.D.N.Y. Sept. 22, 2023). Moreover, Blue Cross SC does not argue that Plaintiff's Motion is made in bad faith, nor is there any indication of such in the record. Finally, Defendant makes no argument as to futility, and the Court will not address this ground *sua sponte*. *See Coniglio v. Cucuzza*, 345 F.R.D. 372, 378 (E.D.N.Y. 2024) (citing, *inter alia*, *Balk v. New York Inst. of Tech.*, No. CV 11-509 (JFB) (AKT), 2013 WL 6990767, at *10 (E.D.N.Y. Sept. 30, 2013). Accordingly, the Court sees no reason to deny Northwell leave to amend here. *See Hosking*, 602 F. Supp. 2d at 445.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion. Northwell shall file its Second Amended Complaint within 14 days of receipt of this Memorandum and Order.

Dated:  Central Islip, New York
        July 16, 2025                    /s/ Steven I. Locke
                                         STEVEN I. LOCKE
                                         United States Magistrate Judge